UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALICIA FRENCH,<br><br>                Plaintiff,<br><br>        -against-<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>                Defendant. | Civil Action No.   3:15-CV-1426 (BKS/DEP)<br><br>**COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, ALICIA FRENCH, by and through her attorneys, and for her Complaint, against the Defendant, CAVALRY PORTFOLIO SERVICES, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d).  This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Sidney, New York.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as "debt collectors" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant, CAVALRY PORTFOLIO SERVICES, LLC (hereinafter "Defendant"), is a limited liability company of the State of Delaware, which is licensed to do business in New York, and which has its principal place of business in Valhalla, New York.

**FACTS COMMON TO ALL COUNTS**

9. On or about April 30, 2015, Plaintiff received a letter from Synchrony Bank, the original creditor for the aforementioned alleged debt, stating that the alleged debt, allegedly owed by Plaintiff, was sold to Defendant on April 19, 2015 and provided Defendant's contact information.

10. On May 11, 2015, Plaintiff placed a telephone call to Defendant at the number provided on the April 30, 2015 correspondence.

11. During said communication, Plaintiff informed the employee, agent and/or representative of Defendant with whom she spoke, that she was represented by a law firm with respect to the alleged debt, and provided her attorneys' contact information

12. Despite being advised that Plaintiff was represented by legal counsel, Defendant continued to send Plaintiff collection notices dated May 25, 2015 and August 26, 2015.

13. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

14. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, emotional distress and mental anguish.

## COUNT I

15. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 as if reiterated herein.

16. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after being advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

17.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 as if reiterated herein.

18.    Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

      a.      Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

      b.      Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

      c.      Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

      d.      Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

19.    Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 14 as if reiterated herein.

20.     Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.   Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.   Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.   Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

*Rest of Page Intentionally Left Blank*

Dated: December 1, 2015  RESPECTFULLY SUBMITTED,

ALICIA FRENCH

By: <u>/s/ Danielle S. McKinley</u>
      Attorney for Plaintiff

DANIELLE S. MCKINLEY
Attorney for Plaintiff
Bar Role No. 519760
Allen Chern Law
79 W. Monroe, 5th Fl.
Chicago, IL 60603
Tel:  312-940-7226
Fax:  866-359-7478
Email: dmckinley@uprightlaw.com